# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of the MOTOR VESSEL CAPTAIN DENNIS H. EGAN, *In Rem*, and ILLINOIS & MICHIGAN OIL LLC, Owner of the MOTOR VESSEL CAPTAIN DENNIS H. EGAN, *In Personam*,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>JRC MARINE, LLC and RANNY LEE FITCH,<br><br>　　　　　　　Defendants. | Case No.<br><br>Judge:<br>Magistrate Judge:<br><br>In Admiralty and In Rem |

## COMPLAINT TO QUIET TITLE TO AND REMOVE A LIEN FROM A VESSEL, FOR SLANDER OF TITLE, AND FOR BREACH OF CONTRACT

Plaintiffs, the MOTOR VESSEL CAPTAIN DENNIS H. EGAN (the "Vessel"), *in rem*, and ILLINOIS & MICHIGAN OIL LLC ("IMO"), owner of the M/V CAPTAIN DENNIS H. EGAN, *in personam*, by their attorneys, William P. Ryan and Shari L. Friedman of the law firm Marwedel, Minichello & Reeb, P.C., for their Complaint to quiet title to the Vessel and to remove a maritime lien asserted against the Vessel, for slander of title, and for breach of charter agreement as against Defendants JRC MARINE LLC ("JRC") and RANNY LEE FITCH, state as follows:

### Jurisdiction and Venue

1.　　This is an admiralty action to quiet title to a vessel, to remove a maritime lien from a vessel, and for breach of a charter agreement for a vessel. This Court has jurisdiction pursuant to 28 U.S.C. § 1333 as this is a case of admiralty and maritime jurisdiction, as is more fully set forth herein, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

1

2. Venue in this district is proper pursuant to the provisions of 28 U.S.C. § 1391(a)(2), because the Bareboat Charter Agreement ("Agreement") under which the Vessel was chartered by IMO to JRC was entered into in this district and the Vessel is presently located in this district.

### Parties

3. IMO is an Illinois limited liability company, with its principal place of business in Joliet, Illinois, and at all times relevant hereto was the owner of the Vessel.

4. The M/V CAPTAIN DENNIS H. EGAN is an all-welded steel constructed, twin screw river towboat, built in 1965, and is 96 feet in length, 34 feet in breadth, with a depth of 12 feet, and an Official Number of 297548.

5. Defendant JRC was, at all relevant times, a Texas limited liability company with its principal place of business in Rosenberg, Texas.

6. Defendant RANNY LEE FITCH was, at all relevant, times the Chief Executive Officer and Managing Partner of JRC and was a resident of the State of Texas.

### Facts Common to All Counts

7. The Vessel is an all-welded steel constructed, twin screw river towboat, built in 1965, and is 96 feet in length, 34 feet in breadth, with a depth of 12 feet, and an Official Number of 297548. At all relevant times, the Vessel was used to transport barges and cargo on the navigable waters of the United States.

8. On or about October 1, 2018, IMO entered into an Agreement with JRC under the terms of which JRC agreed to Bareboat Charter the Vessel for a term of three (3) years, commencing on October 1, 2018 and terminating on October 1, 2021, for a charter hire rate of $850.00 per day. A true and accurate copy of the Agreement is attached hereto as Exhibit A.

9. Under the terms of the Agreement, charter was to be paid monthly, in advance, and the obligation to pay charter was absolute and was not subject to any counterclaims, off-sets, deductions, recoupments, or defenses. (Exhibit A, Article 3)

10. JRC was to keep the vessel free of all liens and encumbrances and was to be solely responsible for all operating costs and expenses arising out of its use of the Vessel. Section 4.2 of the Agreement provides in pertinent part, that:

> Charterer shall keep the Vessel(s) free from, and shall, at its expense, defend and indemnify IMO and any Owner against, all liens, encumbrances or other adverse claims of title other than those incurred by the applicable Owner. . .Charterer's failure to pay vendors for undisputed services in a timely manner shall be considered an act of Default as noted in Article 15 and subject to the full remedies on Default as noted in Article 16.

11. On or about October 2, 2019, IMO was advised by Stone Oil Distributor, LLC ("Stone") that IMO was liable for an outstanding fuel bill on the Vessel. JRC purchased 5,000 gallons of fuel from Stone and RANNY LEE FITCH had Stone put the cost of the fuel on an account of a prior employer of RANNY LEE FITCH.

12. The prior employer refused to pay the bill, and Stone billed IMO, as owner of the Vessel, for the cost of the fuel. IMO paid Stone the sum of $10,736.15 in order to prevent Stone from placing a lien on the Vessel.

13. On or about October 5, 2019, IMO received notice that a maritime lien in the amount of $23,537.25, had been filed against the Vessel by NRE Power Company for unpaid repairs to the Vessel.

14. JRC claimed that the matter had been worked out with NRE Power and IMO received an email from counsel for NRE Power stating they would put the lien "on hold" because a payment plan was reached with JRC. However, IMO received an Abstract of Title for the Vessel from the United States Coast Guard, National Vessel Documentation Center showing that on

3

October 7, 2019, NRE Power recorded a lien against the Vessel in the amount of $23,537.25. See Exhibit B, hereto.

15. The Abstract of Title also showed that on August 9, 2019, CP Marine recorded a lien in the amount of $17,286.57 against the Vessel for unpaid repairs to the Vessel during the time the Vessel was in the sole custody of JRC. (Exhibit B)

16. JRC failed to pay charter hire in the sum of $30,717.59 that was due prior to October 1, 2019.

17. On or about October 21, 2019, JRC agreed to surrender the Vessel to IMO, and IMO took possession of the Vessel.

18. Article 4 of the Agreement, titled "Title; assurances; Quite enjoyment," provides in pertinent part, that:

> Charterer shall keep the Vessel(s) free from, and shall, at its expense, defend and indemnify IMO and any Owner against, all liens, encumbrances or other adverse claims of title other than those incurred by the applicable Owner. Charterer hereby waives any and all liens or privileges against the Vessel(s) that may arise in favor of Charterer under applicable law. Charterer shall execute and/or furnish to IMO and/or any Owner any further instruments and assurances reasonably requested from time to time by IMO and/or any Owner to protect their respective interests, including, without limitation, notices and releases or waivers of any claims or liens against the Vessel(s). Charterer's failure to pay vendors for undisputed services in a timely manner shall be considered an act of Default as noted in Article 15 and subject to the full remedies on Default as noted in Article 16.

19. Article 15 of the Agreement, titled "Default" provides in pertinent part, that:

> Time is of the essence under this Agreement, and Charterer shall be in default in event of the occurrence of any of the following (an "Event of Default"): (a) any failure to pay when due the full amount of any payment required hereunder, including, without limitation, Charter Hire, taxes, liens, insurance, indemnification, repair or other charges…Upon the occurrence of any Event of Default, IMO shall have an immediate right to pursue the remedies set forth herein.

20. Article 16 of the Agreement, titled "Remedies on Default; Cumulative Nature of Remedies," provides in pertinent part, that:

4

>In the event of the occurrence of an Event of Default, IMO may, at its option, do one or more of the following: (a) terminate this Agreement, and Charterer's rights hereunder; (b) proceed by appropriate court action to enforce performance of the terms of this Agreement and/or recover damages for the breach hereof; (c) if permitted by applicable law, enter upon any premises where the Vessel(s) may be located, without liability, and without notice or legal process, and take possession of the Vessel(s) or remove the same; or (d) exercise any and all other remedies that may be provided under applicable law. In addition to the foregoing remedies, upon the occurrence of an event of Default, all remaining installments of Charter Hire that will become due in the future over the remainder of the current term of this Agreement may, at the election of IMO, be accelerated and shall be immediately due and payable, together with all past due installments of Charter Hire, late charges, and other sums that are then outstanding. . . Upon acceleration, all sums due hereunder shall accrue interest at the Default Rate until paid in full. . .

21. On or about October 23, 2019, IMO accelerated the charter hire due under the Agreement and there is now due and owing accelerated charter hire in the sum of $680,653.39.

22. Upon its recovery of the Vessel, IMO found that the Vessel had sustained numerous items of physical damage. An off-charter survey showed damage to the side shell and bottom plate and shafts and propellers of the Vessel. The cost of repairing the bottom plate is $59,715.90 and the cost of repairing the shafts is $53,116.00. Repairs to the existing propellers are estimated at $13,000. The total cost of repairing damage to the Vessel is $125,831.90.

23. In addition, numerous spare parts and equipment had been removed from the Vessel by JRC, through its officers, agents, and employees, including the following:

- Four two 3-blade propellers with a value of $120,000.00;
- A spare shaft with a value $28,000.00;
- Two Amana refrigerator/freezers with a value of $4,640.00;
- One 25 horsepower outboard motor with a value of $5,000.00;
- Two Power Packs – EMD with a value of $6,500.00.

The total value of the items removed from the Vessel is $164,140.00.

## COUNT I – SUIT TO QUIET TITLE
### (As Against Defendant RANNY LEE FITCH)

1-23. Plaintiffs repeat and reallege paragraphs 1 through 23, above, as paragraphs 1 through 23 of this County I and incorporate the same herein by reference.

24. An Abstract of Title showed that on March 28, 2020, RANNY LEE FITCH recorded a lien in the amount of $250,000.00 against the Vessel. See Exhibit B. A copy of the Notice of Lien is attached hereto as Exhibit C.

25. RANNY LEE FITCH had no basis on which to file a lien against the Vessel. RANNY LEE FITCH did not charter the Vessel and did not provide any services, goods or value to the Vessel.

26. The lien recorded by RANNY LEE FITCH constitutes a cloud on the title of the Vessel and should be removed.

**WHEREFORE**, Plaintiffs, M/V CAPTAIN DENNIS H. EGAN, *in rem*, and ILLINOIS & MICHIGAN OIL LLC, *in personam*, pray as follows:

- A. That this Court adjudge and decree that the lien recorded against the M/V CAPTAIN DENNIS H. EGAN by Defendant RANNY LEE FITCH is invalid and unenforceable;

- B. That this Court order that the lien recorded against the M/V CAPTAIN DENNIS H. EGAN by Defendant RANNY LEE FITCH be removed from the title of the M/V CAPTAIN DENNIS H. EGAN;

- C. That this Court award IMO costs and attorney's fees incurred in bringing this action; and,

- D. For such other and further relief as this Court deems just.

6

## COUNT II – SLANDER OF TITLE
### (As Against Defendant RANNY LEE FITCH)

1-26.  Plaintiffs repeat and reallege paragraphs 1 through 26, above, as paragraphs 1 through 26 of this County II and incorporate the same herein by reference.

27.  At the time RANNY LEE FITCH recorded the lien against the Vessel, he knew that the Vessel and/or IMO were not indebted to him in the sum of $250,000.00 or otherwise, and he knowingly asserted a false lien against the Vessel.

28.  The lien recorded by RANNY LEE FITCH against the M/V CAPTAIN DENNIS H. EGAN slanders the title of the Vessel and has caused damages to IMO and the M/V CAPTAIN DENNIS H. EGAN and has caused IMO and the M/V CAPTAIN DENNIS H. EGAN to incur costs and attorney's fees to have the lien removed, all to their detriment

**WHEREFORE**, Plaintiffs, M/V CAPTAIN DENNIS H. EGAN, *in rem*, and ILLINOIS & MICHIGAN OIL LLC, *in personam*, pray this Court award such damages to Plaintiffs and against Defendant, RANNY LEE FITCH, as it deems just, plus pre-judgment interest, costs, and attorney's fees.

## COUNT III – BREACH OF CHARTER AGREEMENT
### (As Against Defendant JRC MARINE, LLC)

1-28.  Plaintiff repeats and realleges paragraphs 1 through 28, above, as paragraphs 1 through 28 of this County III and incorporates the same herein by reference.

29.  JRC breached the Agreement in the following ways:

   a.  Failed to pay charter hire in the amount of $30,717.59 that was due prior to October 1, 2019;

   b.  Failed to pay accelerated charter hire in the amount of $680,653.39;

7

c. Caused damage to the Vessel and failed to pay repair costs of $125,831.90;

d. Removed spare parts and other equipment from the Vessel with a value of $164,140.00;

e. Failed to pay Stone for fuel purchased by JRC resulting in IMO having to pay Stone the sum of $10,736.15 in order to prevent Stone from placing a lien against the Vessel;

f. Failed to pay NRE Power Company for repairs to the Vessel in the amount of $23,537.25, resulting in NRE Power Company recording a lien against the Vessel and IMO having to pay the amount owed by JRC to NRE Power Company in order to obtain the release of the lien and avoid the arrest of the Vessel;

g. Failed to pay CP Marine for repairs to the Vessel in the amount of $17,286.57, resulting in CP Marine recording a lien against the Vessel and IMO having to pay the amount owed by JRC to CP Marine in order to obtain the release of the lien and avoid the arrest of the Vessel;

h. Permitted RANNY LEE FITCH to file a false and fraudulent lien against the Vessel; and/or in the alternative,

i. Failed to pay RANNY FITCH for the costs asserted as associated with equipment and goods allegedly unreturned or removed from the vessel, as set forth in Notice of Claim of Lien (Exhibit C, hereto); and

j. Otherwise failed to keep the Vessel free from all liens, encumbrances or other adverse claims of title.

30. Article 4, Section 4.2 of the Agreement provides that JRC, as Charterer, shall, at its expense, defend and indemnify IMO from and against all liens and encumbrances, including those set forth hereinabove.

31. As a result of the foregoing breaches of the Agreement, IMO has sustained damages in the sum of $1,302,902.85, plus pre-judgment interest, attorney's fees, and costs.

**WHEREFORE**, Plaintiff, ILLINOIS & MICHIGAN OIL LLC, prays that this Court award damages to ILLINOIS & MICHIGAN OIL LLC and against Defendant, JRC MARINE, LLC, in the sum of $1,302,902.85, plus pre-judgment interest, costs, and attorney's fees.

**MOTOR VESSEL CAPTAIN DENNIS H. EGAN,** *In Rem,* **and ILLINOIS & MICHIGAN OIL LLC,** *In Personam*

By: /s William P. Ryan
One of their Attorneys

William P. Ryan - #6183496
Shari L. Friedman - #6193095
Marwedel, Minichello & Reeb, P.C.
303 West Madison Street, Suite 1100
Chicago, IL 60606
312/902-1600
bryan@mmr-law.com
sfriedman@mmr-law.com